*UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF COLUMBIA*

E.M.,                                    )
                                         )
              Plaintiff,                 )
                                         )
       v.                                )        Civil Action No. 04-0834 (LFO)
                                         )
MARRIOTT HOSPITALITY PUBLIC              )
CHARTERED HIGH SCHOOL,                   )
                                         )
              Defendant.                 )

## MEMORANDUM & OPINION

## INTRODUCTION

Plaintiff E.M.[1] seeks reimbursement for the attorneys' fees expended to litigate an

administrative proceeding under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-

31 (the Act), against the Defendant, a local public charter school. E.M. claims that the court should

award her reasonable fees because the hearing officer ordered the charter school to pay for several

independent evaluations that the officer had previously ordered the school to perform itself, which

makes her the prevailing party. The court disagrees. An award of attorneys' fees is not appropriate

where, as here, a student fails to avail herself of relief that minimally changes the relationship

between the parties. The court will therefore deny **Plaintiff's Motion for Summary Judgment**

[Dkt. No. 39] and grant **Defendant's Motion for Summary Judgment** [Dkt. No. 40].[2]

---

[1]E.M. is an abbreviation of the full name of the plaintiff, who was a minor child when she
filed this action.

[2]On October 25, 2007, the Calendar Committee reassigned this case from the late Judge
John Garrett Penn to Judge Louis F. Oberdorfer [Dkt. No. 54]. The court has reviewed his draft
memorandum and opinion.

**I**

Plaintiff E.M. was enrolled as a student at the Marriott Hospitality Public Charter High School (Marriott) during the 2002-03 academic year.  Marriott receives public funds from the District of Columbia to educate public school students.  In early 2003, E.M. requested a due process hearing from the Special Education Student Hearing Office of the District of Columbia Public Schools (DCPS), alleging that DCPS and Marriott had failed to provide her with a free appropriate education as required by the Act.  *See* Complaint For Attorneys' Fees And Costs ¶ 5; Feb. 13, 2003 First Amended Complaint and Request for Hearing.  In her hearing request, E.M. sought, among other things, to require "DCPS and/or Marriott" to (1) perform evaluations of E.M. and (2) develop an adequate [Individualized Education Program] and provide a special education placement.  Compl. ¶ 5.

A due process hearing on E.M.'s complaint was held March 5, 2003.  Before the hearing, the parties entered into a settlement agreement, the terms of which were incorporated into the Hearing Officer's Determination ("First Determination").  *See* March 5, 2003 Hearing Officer's Determination.  According to the terms of the settlement, Marriott would "perform triennial evaluations including a psycho-educational, clinical psychological and speech and language evaluation and any other evaluations recommended by the evaluators of the above assessment." *Id*. Marriott also agreed that "[w]ithin 45 calendar days . . . a . . . meeting [would] be held at Marriott P.C.S. to develop an appropriate IEP and determine placement." *Id*.

Shortly after the First Determination, counsel for E.M. submitted an invoice to Marriott seeking reimbursement for the attorneys' fees associated with the March 5, 2003 due process hearing.  *See* Plaintiff's Report Regarding Fees Paid And Outstanding.  Marriott remitted $7,222.50

to E.M., the full amount of the claim, several weeks later.  *Id*. at 2.  E.M. concedes that the attorneys' fees associated with the March 5, 2003 due process hearing have been paid in full and are not at issue in this case.

Pursuant to the First Determination, Marriott performed both a speech and language evaluation and a psychological evaluation of E.M.  By letter dated May 13, 2003, however, counsel for E.M. advised Marriott that E.M. was rejecting both evaluations.  Counsel stated that E.M. would not accept the speech and language evaluation because it was not "complete."  She did not elaborate as to why the evaluation was not complete, except to describe the evaluation performed as a mere "screener."  Counsel requested that another independent speech and language evaluation be performed, at the expense of Marriott.  Counsel also informed Marriott that E.M. was similarly rejecting the psychological evaluation as "incomplete."  Although the letter did not explain why E.M. believed the psychological evaluation was incomplete, it appears that E.M. was troubled that the evaluation was authored by a psychology intern instead of a licensed clinical psychologist.  Counsel further stated that it was premature – putting "the proverbial 'cart before the horse'" – to hold a meeting to develop an IEP for E.M. before the evaluations were completed.  Finally, counsel noted that E.M. had filed a second due process hearing request.[3]

Per E.M.'s request, a second due process hearing was scheduled for June 12, 2003.  While counsel for DCPS apparently received notice of the hearing (DCPS attended the hearing), counsel for Marriott did not and so did not appear.  The due process hearing nonetheless went forward as scheduled, without a representative of Marriott present.  The hearing officer's findings of fact and

---

[3]  The second due process hearing request was filed five days earlier, on May 8, 2003, before Marriott was alerted to the fact that E.M. was rejecting the evaluations.

conclusions of law were contained in an interim order.  *See* July 1, 2003 Hearing Officer's Interim

Determination and Order ("Interim Determination").  The hearing officer, after "consider[ing] the

representations made on the record by each counsel and documents . . . contained in the parties

disclosure statements," concluded that Marriott had failed to comply with the First Determination.

The Interim Determination provided that:

1.      The parent may obtain evaluations *ordered in the March 7, 2003 [Determination]*,
        at Marriott and/or DCPS expense.

2.      Marriott and/or DCPS shall convene a multi-disciplinary team/individual educational
        program (MDT/IEP) meeting within fifteen (15) business days of its receipt of the
        independent evaluations, *to comply with the directives of the March 7, 2003*
        *[Determination]*.

*See* July 1, 2003 Interim Determination at 3 (*emphasis added*).  The only change in the relationship

between the parties arising from the Interim Determination was the option for E.M.'s parent to obtain

independent evaluations and receive reimbursement from Marriott, rather than relying on Marriott's

own evaluations.

Despite E.M.'s purported rejection of the two evaluations, four months passed without

further evaluations.  By letter dated September 24, 2003, counsel for E.M. notified Marriott that E.M.

was abandoning her request for additional evaluations.  Counsel explained that it had "been difficult

to obtain an independent speech and language evaluation," "[d]espite the parent's best efforts,"

because the "speech and language evaluator has very limited availability."  Given E.M.'s inability

to schedule an independent speech and language evaluation, counsel acknowledged that E.M. would

"use the evaluations already on file."  A few weeks later, counsel for E.M. revealed that E.M. had

failed to obtain "any of the independent evaluations" ordered in the Interim Determination.  Again,

counsel acknowledged that E.M. would have to "use the evaluations already on file" – the very

4

evaluations she had rejected.[4]

By letter dated December 9, 2003, E.M. submitted a second invoice to Marriott, totaling $9,081.00, for the attorneys' fees generated litigating the June 12, 2003 due process hearing. The school, however, balked at making this payment. By letter dated January 12, 2004, Marriott notified counsel for E.M. that it was disputing the bill in its entirety. Counsel for E.M. filed this action when Marriott refused to pay the invoice.

E.M. filed this action seeking full reimbursement of attorneys' fees as a prevailing party in the June 12, 2003 administrative hearing. Both parties have moved for summary judgment.

## II

E.M. claims that she was the prevailing party in the due process hearing because the hearing officer ordered Marriott to pay for independent evaluations, and that she is therefore entitled to an award of reasonable attorneys' fees. Marriott, on the other hand, claims that E.M. was not a prevailing party at the proceeding because the hearing officer's determination did not produce a material change in the parties' legal relationship. Regardless whether E.M. was a prevailing party, an award of attorneys' fees would not be appropriate in this instance because E.M. never secured the independent evaluations at the center of this litigation.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. The court must enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at

---

[4] Counsel for E.M. also requested that Marriott schedule an IEP meeting as soon as possible. A multi-disciplinary team meeting was scheduled for November 17, 2003.

trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2553 (1986).

Congress has given the federal courts the discretion to award "reasonable attorneys' fees" to "the parent of a child with a disability" who is a "a prevailing party" under the Act.  *See* 20 U.S.C. § 1415(i)(3)(B)(i)(I) ("In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability.").  This discretionary authority includes the ability to award fees to a party who has prevailed in an administrative due process proceeding.  *See Moore v. District of Columbia*, 96, 907 F.2d 165, 166 (D.C. Cir. 1990) (*en banc*).

Even assuming that E.M. meets the threshold requirement of being a "prevailing party" under the Act, the court finds that an award of attorneys' fees would be unreasonable.  "'[T]he most critical factor'" in determining the reasonableness of a fee award 'is the degree of success obtained.'"  *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S. Ct. 566, 574 (1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933 (1983)).  "In some circumstances, even a plaintiff who formally 'prevails' . . . should receive no attorney's fees at all."  *Id.* at 115, 113 S. Ct. at 574.

The court has before it just such circumstances.  As noted above, E.M. sought and received an order compelling Marriott to provide "triennial evaluations" in the First Determination.  As a result, Marriott performed both a speech and language evaluation and a psychological evaluation of E.M.  Marriott willingly paid E.M. $7,222.50 in attorneys' fees.  Dissatisfied with the thoroughness of the two evaluations, E.M. rejected both and requested another due process hearing.  The hearing officer found the evaluations lacking and ordered Marriott to comply with the terms of the First Determination; namely, to pay for further independent evaluations at E.M.'s parent's election.  Despite this order, however, E.M. never secured any further evaluations and instead elected to rely

on the very evaluations she had rejected.  This rendered the second hearing superfluous.

Awarding attorneys' fees in these circumstances would reward plaintiff's counsel, unjustifiably, for litigation that ultimately failed to contribute to E.M.'s well-being and proved wasteful.  The appropriate fee for litigation that wastes "the time and energy of counsel, court, and client," is no fee.  *Farrar*, 506 U.S. at 122, 113 S. Ct. at 578 (O'Connor, J., concurring).  *Cf. Talley v. District of Columbia*, 433 F. Supp. 2d 5, 9 (D.D.C. 2006) (declining to award attorneys' fees to prevailing party where plaintiff "was awarded only $ 2.00 by the jury").  E.M. has already received $7,222.50 in attorneys' fees associated with her pursuit of these evaluations.  That is enough.

An order consistent with this Memorandum & Opinion will be issued on this same date.

Dated: April 4, 2008                                        LOUIS F. OBERDORFER
                                                            United States District Judge